IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-121-D

GRACE BRIGGS,

             Plaintiff,

v.

JUUL LABS, INC.,

             Defendant.

**STIPULATED
PROTECTIVE ORDER**

## I.      PURPOSE AND LIMITATIONS

1.      The Parties agree and are entering into this Stipulated Protective Order with a goal towards moving this case forward in a speedy, collaborative, and efficient manner, while also balancing the public interest in access to information concerning the matters addressed in this litigation.

2.      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order").

3.      This Order is binding on all Parties and their counsel.  The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material to be kept confidential, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c), and the judicial opinions interpreting such Rules.

4.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Paragraph XIII.53 below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79.2 and Section V.G. of the Court's CM/ECF Policy Manual set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

5.      This Order shall not abrogate or diminish any statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.

6.      The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## II.     DEFINITIONS

7.      <u>Action</u>: This pending lawsuit, *Briggs v. Juul Labs, Inc.*, United States District Court, Eastern District of North Carolina, Western Division, Case No. 5:22-CV-121-D.

8.      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

9.      <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or other federal or state laws, rules, or regulations, which may include:

(a)     Information protected from disclosure by statute or regulation, including, but not limited to, the Family Educational Rights and Privacy Act;

(b)     Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(c)     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(d)     Information that includes material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the EU General Data Protection Regulation (GDPR); Data. Protection Act 1998 (c. 29) (United Kingdom personal information); Federal Data Protection Act (Germany personal information); the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and Act on the Protection of Personal Information (Japan personal information);

(e)     Personally identifiable information ("PII"), including: Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past present, or future payment for the provision of health care to an individual; personal financial information such as tax

information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; or the personal email addresses or other contact information of company board members, executives, and employees; and/or

(f)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing Party.

However, CONFIDENTIAL information shall not include the following:

(a)     Any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including, but not limited to, by becoming part of the public record through trial, and any public information posted by a Party that has subsequently been made unavailable by removal from the public's view (e.g., deleted or closed social media posts); and/or

(b)     Any information known to the Receiving Party prior to the disclosure or lawfully obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

10.     <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

11.     Designating Party: a Party or Non-Party that designates information or tangible items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

12.     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

13.     Expert: a person who has been retained by a Party or its counsel to serve as an expert witness or as an undisclosed consultant in this Action (as well as his or her employees and support staff).

14.     "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items ("HC-OCO"): Highly confidential information that is so extremely sensitive in nature the disclosure of such material will put the Producing Party at a significant competitive disadvantage or is highly personal non-public information, and such that protecting the information cannot be avoided by less restrictive means than designation as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

15.     Trade Secrets: information whose disclosure would result in tangible economic loss, and includes a formula, pattern, compilation, program, device, method, technique, or process, that:

(a) derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

16. <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include any Outside Counsel retained by a Party to this Action.

17. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

18. <u>Outside Counsel</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and/or have appeared in this Action on behalf of that Party or are affiliated and/or associated with a law firm which has appeared on behalf of that Party, and their support staff, who have access to documents designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for use in this Action.

19. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel (and their support staffs).

20. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

21. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

22.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

23.    Receiving Party: a Party that received Disclosure or Discovery Material from a Producing Party.

## III.    SCOPE

24.    The protections conferred by this Order apply to not only Protected Material (as defined above), but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentation by Parties or their Counsel that might reveal Protected Material.

25.    This Order and its protections apply for pre-trial and trial purposes.  The use of Confidential or Highly Confidential – Outside Counsel Only Information during the trial shall be determined by Order of the Court pursuant to Section VI and Paragraph 36 or below.

## IV.    DURATION

26.    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs.  Final disposition shall be deemed to be the later of:

(a)    dismissal of all claims and defenses in this Action, with or without prejudice; and

(b)    final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court retains jurisdiction even after termination of this

Action to enforce this Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court from time to time deem appropriate.

## V.  DESIGNATING PROTECTED MATERIAL

27.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Designations of material for protection must be made in good faith. Designations that are clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

28.  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to each

page of a paper or electronic document that contains protected material or to the cover page of bound or grouped material. A Party or Non- Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" legend to each page of a paper or electronic document that contains Protected Material. A Party may designate documents produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of documents by the Non-Party.

(b) For testimony given in deposition or in other pretrial proceedings, the testimony relating to Protected Material shall have the same confidentiality designation as the Protected Material. In the event that a Producing Party

designates some additional or all of a witness's deposition or other testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party within ten (10) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Testimony shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pending the deadline. After the 10-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under this Protective Order or the testimony does not relate to Protected Material, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form

and method for marking such documents as Protected Information. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the confidential information and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that confidential information is being conveyed. A Party may designate information produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of information by the Non-Party.

29. <u>Failures to Designate.</u> Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information does not waive the confidential status of such Information. In the event that Protected Information is disclosed without a marking or designation of it as such, the Producing Party may thereafter assert a claim or designation of confidentiality, and promptly provide replacement information or items with the appropriate designation (and, if applicable, using the same Bates number as the original production). Thereafter, the Receiving Party must immediately return the original Protected Information and all copies of the same to the Producing Party and make no use of such Information.

30.     The Parties acknowledge that Protected Information disclosed prior to entry of this Order may have a lower confidentiality designation or marking than warranted under this Order, and that nothing herein prevents the Parties from asserting a different claim or designation of confidentiality over such information pursuant to this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

31.     <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

32.     <u>Form of Challenges.</u>  The Challenging Party shall object to the propriety of the designation of specific material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order. The Designating Party or its counsel shall thereafter, within seven (7) calendar days, respond to such challenge in writing by either: (1) agreeing to remove the designation; or (2) stating the reasons for such designation. Counsel may agree to reasonable extensions.

33.     <u>Meet and Confer.</u>  If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days of the Designating Party's response pursuant to the preceding paragraph.  Counsel may agree to reasonable extensions.  The Parties shall attempt to resolve each challenge in good-faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged

in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet- and-confer process in a timely manner.

34. <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, within twenty-one (21) calendar days of the Challenging Party's notice to the Designating Party, the Designating Party may provide notice to the Challenging Party of its intent to seek judicial intervention and shall have seven (7) calendar days from the date of that notice to provide its portion of a joint statement to the Challenging Party. The Challenging Party shall then have seven (7) calendar days to provide its portion of the joint statement to the Designating Party. The burden of persuasion in any such dispute shall be on the Designating Party. Unless the Designating Party has expressly waived the confidentiality designation, does not seek judicial intervention or until the Court has ruled on the disputed at-issue designation, all Parties shall continue to afford the material in question the level of protection designated by the Producing Party.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

35. <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal(s), so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIV below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. No Party or their representative, agent, or independent contractor may contact any person whose identity or contact

information is ascertained from any Protected Material, including through telephone, text messaging, social media, and/or Internet message boards.

36.     Use of Protected Material during Deposition, Hearing, Deposition Preparation, Trial, or Trial Preparation.  Deponents and witnesses during a deposition, hearing or trial may be shown or examined on any information, document or thing designated Protected Material if it appears that (a) the witness authored or received or reviewed a copy of it, or knew the information described therein; or (b) was employed by or served as a consultant to the Producing Party (i) at the time the information, document or thing was created or (ii) at any time, so long as the deponent/witness's scope of employment or consultancy encompassed subject matters addressed in the Protected Material sought to be shown or examined on; or (c) is a current employee of the Producing Party, or (d) is being produced to testify pursuant to 30(b)(6), or (e) if the Producing Party consents to such disclosure, provided that any witness who is not or no longer employed by the Producing Party shall be first requested to sign the Acknowledgment and Agreement to Be Bound (Exhibit A).  A Receiving Party who may seek to show a deponent Protected Material will provide a copy of the Acknowledgment and Agreement to Be Bound (Exhibit A) to the deponent before showing the deponent any Protected Material.  To the extent a Producing Party desires that any former employee of that Party or other third-party whose deposition is to be taken in this matter or who is called as a witness at trial execute the Acknowledgement attached as Exhibit A, it shall be that Party's burden to obtain such an agreement prior to the deposition or trial.  If a witness refuses to execute the Acknowledgment or fails to do so within 14 days of the deposition or trial, the Parties will meet and confer on the issue.  If the Parties cannot reach an agreement and a Party continues to desire to preclude its former employee or other third-party witness from receiving Protected Material at his or her deposition or at the trial, that Party shall move for a protective

order in a timely fashion so that the issue may be resolved by the Court prior to the deposition or trial. Without such an additional protective order, nothing in this Order shall prevent Counsel from showing Protected Material at the trial or deposition of a witness who is a former employee or consultant of a Party and who currently works for a company that may otherwise preclude the receipt of Protected Material by that witness had he or she not been formerly employed by or worked as a consultant for the Party. If the Receiving Party intends to disclose Protected Material to a former employee or consultant outside of a deposition or other formal proceeding under oath, the former employee or consultant must either execute the Acknowledgment attached as Exhibit A prior to disclosure or acknowledge on the record that he or she will be bound by Exhibit A.

37. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The Parties and the directors, officers, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

(c) Experts (as defined in this Order) retained by the Producing Party and their staff, which may be shown, or examined on, any information, document, or thing designated "CONFIDENTIAL" by the Producing Party;

(d)     Experts retained by the Receiving Party and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court, its personnel, jurors, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(f)     Court reporters, videographers, and their staff;

(g)     Professional jury or trial consultants, and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     Deponents and witnesses during a deposition, hearing, deposition preparation, trial or trial preparation consistent with Paragraph 36;

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)     Any other person as to whom the Designating Party has consented to disclosure in advance;

(k)     Such other persons as the Parties may agree or may be ordered by the Court;

(l)     Special masters or discovery referees appointed by the Court; and

(m)     Mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

38.     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items.[1] HC-OCO Information that is being made available or produced shall be delivered directly into the custody of one of the Receiving Party's Outside Counsel.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL" only to:

(a)     Employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual Expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual Expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the "Acknowledgment

---

[1] Defendant Juul Labs possesses certain documents and information that are "Ultra Trade Secret" (or, "UTS"). These documents, and the information they contain, are so proprietary and competitively sensitive that their disclosure would cause irreparable and catastrophic competitive injury to Juul Labs. The Parties have agreed that their agreement to the entry of this Protective Order does not constitute a waiver of Juul Labs's rights to object in the future to the production of what Juul Labs maintains is UTS information and/or to seek additional protection for the disclosure and handling of what Juul Labs maintains is UTS information beyond that which is provided for in this Protective Order for Confidential and Highly Confidential Information.  The Parties have also agreed that Plaintiff Grace Briggs does not waive her rights to oppose any such objection or additional protection sought by Juul Labs.

and Agreement to Be Bound" (Exhibit A) on behalf of any Designated Expert Personnel associated with that firm; and (iv) absent notice and the Producing Party's opportunity to object, excluding any retention for this Action, the individual Expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any Party or any entity that manufactures, distributes, or markets combustible cigarettes or e-cigarettes or any component thereof;

(c)     The Court, its personnel, jurors, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(d)     Court reporters, videographers, and their staff;

(e)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Persons who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information prior to its production and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    A witness during a hearing, a deposition, preparation for a deposition, the trial or trial preparation consistent with Paragraph 36;

(i)    Any other person as to whom the Designating Party has consented to disclosure in advance;

(j)    Such other persons as the Parties may agree or may be ordered by the Court;

(k)    Special masters or discovery referees appointed by the Court; and

(l)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

39.    <u>Exclusion of Individuals From Depositions.</u>  Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material.  This paragraph does not apply to the deponent.

## VIII. SECURITY OF PROTECTED MATERIAL

40.    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to the following:

(a)    Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control

rights to those persons entitled to access Protected Material under this Order;

(b)    Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and encrypt the device, then the Protected Material shall be password protected and encrypted at the file level;

(c)    Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order;

(d)    Summaries of Protected Material, including any lists, memorandum, indices, or compilations prepared or based on an examination of Protected Material that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be afforded the same status of confidentiality as the underlying Protected Material;

(e)    If the recipient of Protected Material is shipping data in electronic format, the recipient shall ship the data to a recipient who is authorized to receive the protected material under this order and shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a

tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials; and

(f)     If the Receiving Party discovers a breach of security[2] relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with reasonable assurance that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

## IX.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

41.     If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" the Receiving Party must:

---

[2] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Protected Material by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Protected Material.

(a) promptly notify in writing the Outside Counsel for the Designating Party (by email, if possible) unless prohibited by law from doing so. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

42. If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or violate any applicable state or federal law, rules or regulations.

## X. PARTY'S OWN INFORMATION

43. The restrictions on the use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information established by this Protective Order are applicable only to the use of the Information received by a Party from another Party or from a non-party.

44. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information lawfully obtained by such Party or witness

independently of the discovery proceedings in these actions, whether or not such documents, material or information are also obtained through discovery proceedings in these actions.

## XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

45.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

46.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

> (b)     promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (c)     make the information requested available for inspection by the Non-Party.

47.     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's standing order for civil cases.

48.     For a period of fourteen (14) calendar days following production by a Non-Party, that production shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as appropriate. The failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" within that fourteen (14) day period shall not waive a Party's right to later so designate such information with prospective effect, consistent with Paragraph V.28 of this Order. Nothing in this Order precludes a Party from asserting, pursuant to the terms herein, a claim or designation of confidentiality over a Non- Party's Protected Material different from the designation it asserted before entry of this Order.

## XII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

49.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This shall not limit any remedies that the Designating Party may have for disclosure of protected material.

## XIII. MISCELLANEOUS

50. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.  Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon the Parties, with such writings to be filed with the Court if so directed.  The Parties expressly reserve all rights to seek further protection.

51. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

52. <u>No Modification of Privileges</u>.  Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.  Nothing in this Order shall modify the law regarding the inadvertent disclosure of privileged information, including but not limited to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

53. <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79.2 and Section V.G. of the Court's

CM/ECF Policy Manual, including the requirement to submit a supporting memorandum that specifies:

(i)  The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii)  How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii)  The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv)  The reasons why alternatives to sealing are inadequate; and

(v)  Whether there is consent to the motion.

Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Civil Rule 79.2, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 79.2 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to the order unless otherwise instructed by the Court.

54.  <u>Trial</u>.  This Order applies to use of Protected Material at trial.  A Party seeking to use Protected Material at trial must comply with Paragraph 36 above or, where the Non-Designating Party seeks to challenge the confidentiality designation, the Non-Designating Party must comply with Section VI above.  The use of Confidential or HC-OCO Information during the trial shall be determined by Order of the Court pursuant to Paragraph 36 or Section VI above.

55.  <u>Violations of the Protective Order by Disclosure of Personal Information</u>.  In the event that any person or Party violates the terms of this Protective Order by disclosing personal information relating to an individual third party, or in the event that any person or Party breaches

the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching Party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

56. <u>Reservations.</u> Entering into, agreeing, and/or complying with the terms of this Order shall not: (a) operate as an admission by any Party that any particular documents, material, or information contain(s) or reflect(s) currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

57. <u>Compliance with Federal and State Law.</u> Nothing in this Order shall require a Party to violate any applicable public records access, disclosure or retention laws.

58. <u>Preservation of Defenses.</u> Neither the existence of this Order nor any of its terms shall in any manner burden the right of any Defendant to assert defenses available under Federal Rules of Civil Procedure 8, 9, or 12 or otherwise challenge the sufficiency of any claim in the Master Complaint under the applicable laws. This Order and its terms are expressly limited to this matter and shall not be used as evidence or considered in any other matter filed against any Defendant as a waiver to assert defenses of any kind including, but not limited to, choice of law, jurisdiction and venue. Neither the existence of this Order nor any of its terms shall in any manner burden the right of any Defendant to assert defenses of any kind including, but not limited to, those

available under Federal Rule of Civil Procedure 12(b) in any unrelated matter. All such defenses are expressly reserved by the Defendant.

## XIV. FINAL DISPOSITION

59. Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final disposition of this Action, as defined in Paragraph 26, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that must be preserved as government records or in compliance with other statutory, regulatory or legal authorities. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon the written request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within a reasonable time after receiving the request that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, lead counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

IT IS SO STIPULATED.

DUANE MORRIS LLP

Dated: August 29, 2023

/s/ Brian L. Johnsrud

Brian L. Johnsrud
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Telephone: 650-847-4150
Facsimile:  650-847-4151
bjohnsrud@duanemorris.com

*Counsel for Defendant Juul Labs, Inc.*

WILLIAMS MULLEN

Dated:  August 29, 2023

/s/ Edward S. Schenk III

Edward S. Schenk III, NCSB #32917
301 Fayetteville Street, Suite 1700 (27601)
P.O. Box 1000
Raleigh, NC 27602
Telephone: 919-981-4000
Facsimile:  919-981-4300
eschenk@williamsmullen.com

*Local Civil Rule 83.1(d) Counsel for Defendant
JUUL Labs, Inc.*

BELL AND BELL LLP

Dated:  August 29, 2023

/s/ Christopher A. Macey, Jr.

Christopher A. Macey, Jr.
1617 John F. Kennedy Boulevard, Suite 1254
Philadelphia, PA 19130
Telephone: 215-569-2500
Facsimile: 215-569-2220
christophermacey@bellandbelllaw.com

*Counsel for Plaintiff Grace Briggs*

**Stipulated Protective Order**
**Case No. 5:22-cv-121-D**
**Page 29 of 30**

THE NOBLE LAW FIRM PLLC


Dated: August 29, 2023
      /s/ Kathryn F. Abernethy
Kathryn F. Abernethy, Esq.
141 Providence Road, Ste. 210
Chapel Hill, NC 27514
Telephone: 919-251-6009
Facsimile:  919-869-2079
kabernethy@thenoblelaw.com


*Local Civil Rule 83.1(d) Counsel for Plaintiff Grace Briggs.*




**APPROVED AND SO ORDERED, this 31st day of August, 2023:**


Brian S. Meyers
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Eastern District of North Carolina,

Western Division, on **August 31, 2023**, in the case of *Briggs v. Juul Labs, Inc.* I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of North Carolina, Western Division, for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

North Carolina agent for service of process in connection with this Action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____