IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-121-D

| GRACE BRIGGS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JUUL LABS, INC., | ) |
| Defendant. | ) |

This matter comes before the court on defendant's motion to compel [DE-63] (i) plaintiff's deposition to take place on "August 29, 2023, or another day that same week[,]" and (ii) production of documents related to a separate personal injury lawsuit maintained by plaintiff. The motion includes a request for sanctions. In support of the motion, defendant filed a declaration [DE-64] and supporting exhibits [DEs-64-1 to -10]. Defendant's motion requested expedited consideration of the issues and that they be heard by the court without formal briefing. [DE-63] at 2, 9. The motion did not include a supporting memorandum or points of authority, but requested an opportunity to provide these if the court were unwilling to decide the issues without formal briefing. *See* [DE-63] at 9. Plaintiff did not file a response in opposition.[1] On August 25, 2023, United States District Judge James C. Dever III referred the motion to compel [DE-63] to the undersigned for prompt disposition. [DE-65].

## I. BACKGROUND

On August 28, 2023, the court held a telephonic hearing regarding defendant's motion to compel [DE-63] for the purpose of determining the issues raised in the motion. Counsel for

---

[1] The court notes that plaintiff's time within which to file a response to defendant's motion to compel had not expired when the court held the telephonic hearings on August 28 and 30, 2023. *See* Local Civil Rule 7.1(f)(2).

plaintiff and counsel for defendant appeared telephonically, and each was heard regarding the motion.

Counsel for plaintiff and counsel for defendant agreed that the matters at issue related to: (1) scheduling the deposition of plaintiff; and (2) the discoverability of expert reports and other documents related to a separate personal injury lawsuit maintained by plaintiff. Each party indicated that some of the remaining discovery issues could potentially be resolved with further discussion between the parties. The undersigned directed counsel to meet and confer in order to potentially resolve each of the two issues, and set a second telephonic hearing on the motion for August 30, 2023, at 3:00 p.m. The parties were instructed to be prepared at the subsequent telephonic hearing to update the court on any progress made in resolving the issues, and that any remaining issues would need to be fully briefed by defendant with a supporting memorandum, including supporting authority, to which plaintiff would have the opportunity to respond pursuant to the Federal Rules of Civil Procedure and Local Civil Rules.

On August 30, 2023, the court held a second hearing on the pending motion to compel at which counsel for plaintiff and counsel for defendant each appeared telephonically. Counsel for plaintiff and counsel for defendant provided that they had reached an agreement on each of the two issues discussed during the August 28, 2023 telephonic hearing. Counsel for defendant provided a verbal summary of the agreements reached, and counsel for plaintiff confirmed the same, thereby resolving the discovery matters raised in the pending motion [DE-63].

Specifically, counsel for defendant reported that the parties agreed to hold the deposition of the plaintiff on **September 14, 2023, at 10:00 a.m. Eastern Standard Time**. Counsel for defendant further reported that plaintiff agreed to provide the requested documents related to the

personal injury lawsuit without any redactions. Counsel for plaintiff confirmed the same, but added that plaintiff may designate certain documents related to the personal injury lawsuit as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the stipulated protective order [DE-68] entered in this case. Counsel for plaintiff also noted that, in light of the current deposition schedules, the parties may seek to extend the existing discovery deadline and other deadlines in this case. The court directed the parties to meet and confer prior to filing any appropriate motion(s) to extend deadlines, to find, if possible, mutually agreed upon proposed dates for the court's consideration.

## II. DISCUSSION

### A. Discovery and deposition matters raised in defendant's motion to compel

In light of the foregoing, and after consideration of the motion filed, arguments by counsel, and the record of this case, as stated on the record during the August 30, 2023 telephonic hearing, plaintiff's motion to compel [DE-63] is DENIED AS MOOT.

### B. Defendant's request for sanctions

In its motion to compel, defendant seeks sanctions to be imposed on plaintiff pursuant to Federal Rule of Civil Procedure 37. [DE-63] at 9. Plaintiff did not cite any authority supporting its request for sanctions beyond a reference to Fed. R. Civ. P. 37, however the court notes defendant's request to submit a memorandum of points and authorities "if the [c]ourt is not inclined to decide the issue without formal briefing." *Id.* The parties resolved the substantive issues raised in defendant's motion to compel [DE-63] before plaintiff was required to file a response to defendant's motion to compel. *See* Local Rule 7.1(f)(2).

The parties met and conferred telephonically regarding the issues in question. [DE-64] at 1. Counsel for both parties also wrote to one another on multiple occasions, each providing their positions on various discovery issues and noting their objections to the opposing counsel's positions. *See* [DE-64-1]. Each also appeared by telephone at the motions hearing. While resolution of the discovery matters without the need for motions to compel is always preferred, it is not always possible. In this case, the bilateral amicable resolution of the contested issues is noted. As such, the court finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The court therefore declines to make any such award, and each party shall bear its own expenses incurred related to the instant motion.

For the foregoing reasons, defendant's request for sanctions in its motion to compel [DE-63] is DENIED.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to compel [DE-63] is DENIED AS MOOT and defendant's request for sanctions is DENIED.

SO ORDERED, this the 31st day of August, 2023.

Brian S. Meyers
United States Magistrate Judge